# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 9:02-CR-36 |
| | § | |
| TIMOTHY KEITH IRVIN | § | |

## REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed November 6, 2006, alleging that defendant violated conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

### I.  The Original Conviction and Sentence

Defendant was sentenced on May 6, 2003, before The Honorable Thad Heartfield of the Eastern  District of Texas after pleading guilty to the offense of possession of  child pornography, a Class D felony.  This offense carried a statutory maximum imprisonment term of 5 years.  The guideline imprisonment range, based

on a total offense level of 18 and a criminal history category of I, was 27 to 33 months.  Timothy Keith Irvin was subsequently sentenced to 33 months imprison-ment followed by three years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; mental health aftercare; sex offender treatment; no unsupervised contact with children under 18 years of age; sex offender registration requirement; no contact with or use of devices that communicate data via modem or Internet; total alcohol abstinence; DNA collection; and a $100 special assessment.

## II.  The Period of Supervision

On November 22, 2004, defendant completed his period of imprisonment and began service of the supervision term.  Conditions of supervision were modified on November 18, 2004, to include 180 days community confinement placement. Conditions of supervision were modified on May 18, 2005, to include 180 days community confinement placement.  Conditions of supervision were modified on May 18, 2005, to include the defendant shall abide by a 5:30 pm to 8 am curfew throughout his period of supervision, unless other specific arrangements are made with the probation officer. Conditions of supervision were modified on January 10, 2006, to include 180 days community confinement placement.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on November 6, 2006.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Standard Condition: | Defendant shall report as directed to the U.S. Probation Office. |
| Standard Condition: | Defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. |

As grounds, the petition alleges that defendant failed to report within the first five days of the month of October, 2006.  Thereafter, the U.S. Probation Office attempted to contact defendant multiple times, but were unable to locate defendant. The petition further alleges that defendant has not attended weekly group counseling sessions as directed.

## IV.  Proceedings

On March 28, 2007, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree to plead "true" to the allegation that he violated a standard condition of supervised release by failing to report to the U.S. Probation Office as directed.  In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose nine (9) months imprisonment, with a nine (9) month term of supervised release thereafter.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to report to the U.S. Probation Office as directed.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by failing to report to the U.S. Probation Office as directed, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1.      The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.      The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.      Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4.      Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

<u>Findings:</u>

Defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to report to the U.S. Probation Office as directed. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition.  Defendant's violations are Grade C violations with policy guidelines suggesting 8 to 14 months imprisonment upon revocation.

<u>Conclusion:</u>

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to report to the U.S. Probation Office as directed.  As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1.    The court should find that defendant violated a standard condition of supervised release, by failing to report to the U.S. Probation Office as directed, in the manner alleged in the petition.

2.    The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3.    Defendant should be sentenced to a term of imprisonment of nine (9) months.

4.    Upon release of imprisonment, defendant should be placed on supervised release for a term of nine (9) months.  Within seventy-two (72) hours of release from custody of the Bureau of Prisons, defendant should report in person to the probation office in the district to which defendant is released.  While on supervised release, the defendant shall not commit another federal, state, or local crime and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

   a.    Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring her efforts to obtain and maintain lawful employment.

   b.    Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

   c.    The defendant shall comply with any federal, state, or local registration law for offenders convicted of sexual crimes.  The defendant shall be responsible for any costs associated with those registration laws.

   d.    Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments.  The defendant shall pay any cost associated with treatment and testing.

e.     The defendant shall not have unsupervised contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

f.     The defendant shall not purchase, possess, have contact with or use devices to include cellular telephones with picture capability; digital cameras; digital recorders; Personal Digital Assistants (PDA); portable data storage devices such as thumb drives and Flash memory; any photographic equipment, computers, computer peripherals, or other electronic device that is capable of communicating data via modem or dedicated connection; and shall in no instance have access to the Internet.  The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring their compliance with the imposed computer access/monitoring conditions.

g.     The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

h.     The defendant shall reside in a residential reentry center or similar facility, in a prerelease component, for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility.

i.     The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

j.     The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

k.     The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time

as the defendant is released from the program by the probation officer.

l.        The defendant shall abstain from the use of any intoxicants not prescribed by a physician.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this ___4__ day of April, 2007.

_____

Earl S. Hines
United States Magistrate Judge